**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CASIMIRO AMEZCUA, | No. 15-55583 |
| Petitioner-Appellant, | D.C. No. 5:09-cv-02139-JLS-RZ |
| v. | |
| STUART SHERMAN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Casimiro Amezcua appeals the district court's denial of his writ of habeas

corpus. We have jurisdiction under 28 U.S.C. § 2253 and review the denial of his

writ de novo. *See Zapata v. Vasquez*, 788 F.3d 1106, 1111 (9th Cir. 2015). We

affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Amezcua claims his trial counsel provided ineffective assistance of counsel because he failed to call Elizette Morales as a witness at Amezcua's second trial for a gang-related shooting. Because the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies, this court may only grant Amezcua habeas relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2).

The "clearly established Federal law" governing an ineffective assistance of counsel claim under AEDPA is the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). *Andrews v. Davis*, 798 F.3d 759, 774 (9th Cir. 2015). Under *Strickland*'s two-pronged approach, a defendant first "must show that counsel's performance was deficient" and then "that the deficient performance prejudiced the defense." 466 U.S. at 687. Because federal courts "take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d),'" review of the deficiency prong of an ineffective assistance of counsel claim under AEDPA is "doubly deferential" to the state courts. *Cullen v.*

*Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 n.2, 123 (2009)).

Amezcua's claim fails under both prongs of *Strickland*. Under AEDPA's "doubly deferential" lens, we conclude that the California Court of Appeal reasonably applied *Strickland* when it held that the decision not to offer Morales's testimony could have been tactical.[1] Morales's testimony had minimal exculpatory value, possibly some inculpatory value, and the jury may well not have found it reliable, given the inconsistencies between Morales's pretrial interviews and trial testimony. Also, under de novo review of *Strickland*'s prejudice prong, the failure to offer Morales's testimony did not prejudice Amezcua.[2] At best, the testimony would have mildly impeached the credibility of Alejandro Obezo, a witness for the prosecution whose credibility had already been impeached by cross-examination and other means. But Morales's testimony did not contradict Obezo's statements

---

[1] In reviewing claims under AEDPA, this court looks to "the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). Because the California Supreme Court issued a summary denial in this case, the California Court of Appeal's decision is the last reasoned decision of Amezcua's claims. *See McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010).

[2] De novo is the proper standard of review for a *Strickland* prong not addressed by the state courts. *Rompilla v. Beard*, 545 U.S. 374, 390 (2005). The California Court of Appeal addressed only whether Amezcua's trial counsel's performance was deficient, not whether his performance prejudiced Amezcua.

that he was not a shooter, and it was consistent with Obezo's account that Amezcua was one of the people at Morales's home after the shooting. Additionally, at least two eyewitnesses identified Amezcua as one of the shooters. So there is no "reasonable probability that, but for counsel's [failure to call Morales], the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. We therefore AFFIRM the district court's denial of Amezcua's writ of habeas corpus.

**AFFIRMED.**